Patrick J. Murphy, Esq.
Nevada Bar No. 1222
Michael R. Small, Esq.
Nevada Bar No. 7519
MURPHY, SMALL & ASSOCIATES
1100 East Bridger Avenue
Las Vegas, Nevada  89101-5315
Telephone:  (702) 259-4600
Facsimile:   (702) 259-4748
debbie@patrickmurphylaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SANDI GEANNARIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 2:10-cv-00877-LRH-LRL |
| | ) |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY; DOES 1-10, inclusive; ROE CORPORATIONS 1-10, inclusive; | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

Plaintiff, Sandi Geannaris, by and through her undersigned counsel, moves this Court for an order remanding this case back to the District Court, County of Clark, State of Nevada. Plaintiff is entitled to remand because the amount in controversy sought is less than $75,000 and this Court does not have jurisdiction under 28 U.S.C. §1332. Defendant, American Family Mutual Insurance Company, has consented to Plaintiff's herein Motion to Remand to State Court.

This Motion is made and based upon the following Memorandum in Support of Plaintiff's Motion to Remand to State Court, the Affidavit and Stipulation of Sandi Geannaris that the amount in controversy not to exceed $75,000 under 28 U.S.C. §1332, the pleadings and papers on file herein, and any further argument entertained by the Court at the hearing of this Motion.

DATED this 23rd day of June, 2010.

                                        MURPHY, SMALL & ASSOCIATES


                                        /s/ Michael R. Small  
                                        Patrick J. Murphy, Esq.  
                                        Nevada Bar No. 1222  
                                        Michael R. Small, Esq.  
                                        Nevada Bar No. 7519  
                                        1100 East Bridger Avenue  
                                        Las Vegas, Nevada  89101  
                                        Attorneys for Plaintiff

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND TO STATE COURT

## I.

## PRELIMINARY STATEMENT

The case before this Court arises from the circumstances surrounding an automobile accident involving the Plaintiff on January 27, 2009. At issue is the medical payments coverage under her motor vehicle policy with Defendant, American Family Mutual Insurance Company, and their failure to pay Plaintiff's medical expenses incurred as a result of the injuries she sustained in this automobile accident.

On June 8, 2010, Defendant removed the Nevada state court action to this Court alleging at paragraph 8 of their Petition for Removal, that Defendant believes the Plaintiff's claim in the matter in controversy exceeds $75,000.00 exclusive of interest and costs. Subsequently, counsel for the Plaintiff informed Defendant that the plaintiff would not seek damages in excess of $74,999.99, and that she was prepared to file an Affidavit and Stipulation as to the amount in controversy and damages not to exceed $75,000 under 28 U.S.C. §1332. The Affidavit of Sandi Geannaris accompanies this Motion to Remand to State Court.

As more fully argued hereinbelow, Plaintiff has clarified her Complaint, and Defendant has no basis upon which to claim that this case meets the jurisdictional threshold of $75,000 contained in 28 U.S.C. §1332(a).

## II.

## ARGUMENT

Under 28 U.S.C. §1332(a), Congress has provided that the District Courts shall have original jurisdiction of all civil actins when the matter in controversy exceeds the sum or value of $75,000. In questions of federal jurisdiction, the party invoking the jurisdiction of the federal

court carries the burden of proving its existence. *Coventry Sewage Assoc. v. Dworkin Realty Co.,* 71 F.3d 1, 4 (1st Cir. 1995). To determine whether the amount in controversy has been met, "the status of a case as disclosed by plaintiff's complaint is controlling in the case of a removal…"; *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938); *Paschinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986). Where there is no facial evidence from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Matheson v. Progressive Specialty Inc. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404-04 (9th Cir. 1996)). If it is unclear what amount of damages the plaintiff has sought… then the defendant bears the burden of actually proving the facts that support jurisdiction, including the jurisdictional amount. *Krajca v. Southland Corp.*, 206 F.Supp.2d 1079, 1081 (D. Nev. 2002).

In this case, the Plaintiff has submitted an Affidavit and Stipulation that limits her claim for damages to less than the $75,000 threshold amount. The United State Supreme Court has noted that a plaintiff is permitted to prevent a defendant from removing to federal court by "resorting to the expedient of suing for less than the jurisdictional amount… though he would be justly entitled to more." *St. Paul Mercury Idem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). Other courts have allowed a plaintiff to limit damages and therefore maintain a claim worth less than $75,000 threshold of 28 U.S.C. §1332(a). In *Satterfield v. F.W. Webb, Inc.,* 334 F.Supp.2d 1, 1 (D. Me. 2004) the court found that a plaintiff is the master of the claim and therefore she should have the power to limit her claim so it is not subject to federal subject matter jurisdiction. (quoting *Gafford v. General Elec. Co.,* 997 F.2d 150, 157 (6th Cir. 1993). See also *Raymond v. Lane Construction Corp.*, 527 F.Supp. 2d 156 (D. Me. 2007).

It is submitted, that the Affidavit and Stipulation of the Plaintiff, clarifies her Complaint filed in Nevada state court on May 4, 2010, and demonstrates that she is not seeking damages sufficient to meet the jurisdiction threshold of $75,000 under 28 U.S.C. §1332(a). Accordingly, this Court should remand this case back to Nevada state court.

## III.

## **CONCLUSION**

It is submitted, based on the foregoing, that Plaintiff is not seeking damages sufficient to meet the jurisdictional amount of $75,000. Plaintiff's herein action should be remanded to Nevada state court, County of Clark, State of Nevada.

Dated this 23rd day of June, 2009.

        MURPHY, SMALL & ASSOCIATES


        /s/ Michael R. Small  
        PATRICK J. MURPHY, ESQ.  
        Nevada Bar #1222  
        MICHAEL R. SMALL, ESQ.  
        Nevada Bar #7519  
        1100 East Bridger Avenue  
        Las Vegas, Nevada 89101  
        Telephone: (702) 259-4600  
        Facsimile: (702) 259-4748  
        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System to all counsel of record, as follows:

Thomas E. Winner, Esq.
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Telephone: (702) 243-7000
Facsimile: (702) 243-7059
Attorneys for Defendant

/s/ Michael R. Small
Michael R. Small, Esq.