1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                  DISTRICT OF NEVADA

8                                          * * *
                                            )
9     SANDI GEANNARIS,                      )
                                            )
10                   Plaintiff,             )              2:10-cv-0877-LRH-lrl
                                            )
11    v.                                    )
                                            )              ORDER
12    AMERICAN FAMILY MUTUAL                )
      INSURANCE COMPANY,                    )
13                                          )
                     Defendant.             )
14    _____       )

15           Before the court is plaintiff Sandi Geannaris's ("Geannaris") motion to remand filed on

16    June 23, 2010. Doc. #5.[1] Defendant American Family Mutual Insurance Company ("American")

17    did not file an opposition to the motion.

18    **I.    Facts and Procedural History**

19           On January 27, 2009, Geannaris was involved in an automobile accident that resulted in

20    injuries requiring medical treatment. Geannaris was insured by American and had a $25,000 policy

21    limit for medical expenses. American allegedly denied Geannaris coverage of her medical

22    expenses.

23           Subsequently, on May 6, 2010, Geannaris filed a complaint in the Eight Judicial District

24    Court for the District of Nevada against American for breach of contract and bad faith. Doc. #1,

25    _____

26           [1] Refers to the court's docket entry number.

1    Exhibit 2. American removed the action to federal court on the basis of diversity jurisdiction.

2    Doc. #1. Thereafter, Geannaris filed the present motion to remand arguing that the amount in

3    controversy has not been met. Doc. #5.

4    **II.    Legal Standard**

5            Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district

6    courts of the United States have original jurisdiction, may be removed by the defendant or the

7    defendants, to the district court of the United States for the district and division embracing the

8    place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction

9    over civil actions where the suit is between citizens of different states and the amount in

10   controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity

11   case, if a complaint does not specify the amount of damages, "the removing defendant bears the

12   burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds

13   $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

14           Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A

15   federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are

16   construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas*

17   *Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

18   1992).

19   **III.   Discussion**

20           Geannaris concedes that the parties are diverse for diversity jurisdiction, but argues that

21   American's notice of removal is insufficient to prove, by a preponderance of the evidence, that the

22   amount in controversy exceeds $75,000.00. Geannaris's complaint only requests damages in excess

23   of $10,000.00 as required under the Nevada Rules of Civil Procedure. Further, Geannaris alleges

24   that she only had a policy with American for coverage of medical expenses in the amount of

25   $25,000. Therefore, the court finds that the amount in controversy has not been met and the

26

1    exercise of diversity jurisdiction is improper.

2         Additionally, the failure of a party to file points and authorities in response to any motion

3    shall constitute a consent to the granting of that motion. LR 7-2(d). Here, American did not file an

4    opposition to Geannaris's motion to remand. Accordingly, the court shall grant Geannaris's motion

5    to remand.

6

7         IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #5) is GRANTED.

8    The present action, 2:10-cv-0877-LRH-LRL, is REMANDED to the Eight Judicial District Court

9    for the District of Nevada.

10         IT IS SO ORDERED.

11         DATED this 20th day of July, 2010.

12

13                                 _____

14                                 LARRY R. HICKS
                                      UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26